*Durwood T. Pye,* for plaintiff.
*J. Lon Duckworth, McElreath & Scott,* for defendant.

## 24005. MILLER *v.* HAWKINS.

BROYLES, C. J. 1. "No amendment adding a new and distinct cause of action, or *new and distinct parties* [italics ours], shall be allowed unless expressly provided by law." Civil Code (1910), § 5683.

2. This was a suit brought by S. P. Miller against J. N. Hawkins on a written contract. An alleged copy of the contract was attached to the petition as an exhibit and showed that Hawkins agreed to purchase from Grant & Company certain shares of stock at $20 a share; that Hawkins "this day paid the sum of $50," and that "90 days from date and for value received I [Hawkins] agree and promise to pay to Corporation Finance Inc., or order, the balance of $...... in twelve equal payments;" that "Corporation Finance Inc. agrees to have transferred and delivered to me [Hawkins], when fully paid in cash, certificates of stock as described above for number of shares specified." On the back of the contract was written: "The within contract is for valuable consideration this day transferred to S. P. Miller or order, July 20, 1932. Grant & Co., by F. Braswell, Sect. & Treas." The defendant interposed a general demurrer to the petition, and the plaintiff offered to amend the exhibit attached to the petition "by attaching a correct copy of the note [contract?] sued on, in lieu of the copy attached, so that the copy attached shall read to be payable as follows: 'I hereby agree and promise to pay to Grant & Company or order,' and so that the words 'I hereby agree and promise to pay to the Corporation Finance Co., or order' shall be stricken from said copy. Plaintiff shows that the words 'Corporation Finance Co.' in the body of the copy attached to the petition were left in said copy by inadvertence and mistake, and that the same were left in said copy by clerical error and mistake, and that the same were left in said copy by typographical error. Plaintiff shows that he attaches a true and correct copy of the note sued on in this amendment, and prays that the same may be substituted and attached in the place of the copy originally attached." *Held,* that the original petition did not set out a cause of action, and the proffered amendment brought in a new and distinct party and set out a new

151

cause of action, and the court properly disallowed the amendment and sustained the general demurrer to the petition.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided November 13, 1934.

*R. C. Jenkins, D. D. Veal, A. M. Roan,* for plaintiff.
*M. F. Adams,* for defendant.